IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM E. HAWKINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 18–cv–102–DRH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner William E. Hawkins filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 17, 2018. (Doc. 1). In the Petition, he seeks early parole termination of Count 2 of his criminal case, *United States of America v. Hawkins*, No. 90-cr-30067-DRH (S.D. Ill. Jan. 9, 2018) ("Criminal Case"). (Doc. 1). As discussed in more detail below, the Court concludes that the Petition does not survive preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

### Background

In his Petition, Petitioner refers to: (1) his Motion for Early Termination of Supervised Release, filed October 19, 2017 in his Criminal Case, (2) his Pro Se Motion to Terminate Supervised Release Term, filed October 23, 2017 in his Criminal Case, (3) his Addendum Motion for Early Termination of Supervised

1

Release Under Count 2, Old Law Sentence, filed December 15, 2017 in his Criminal Case, and (3) the Court's Memorandum and Order filed January 9, 2018 in his Criminal Case. (Doc. 1, pp. 6-7). These documents are attached to the Petition as Exhibits 1-4, respectively. *Id.*

Apart from referring to these documents and attaching them, Petitioner does not provide separate grounds supporting his request for termination of his parole, aside from his statement that the "Court does not have the authority to terminate Petitioner's parole without the consideration of a habeas corpus petition." (Doc. 1, p. 7).

## **Discussion**

Rule 4 of the Rules Governing Section 2254 cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas cases.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Parole is a form of 'custody', so it is proper to use § 2241 to contest its continuation," as Petitioner is trying to do in the instant case. *See Valona v. United States,* 138 F.3d 693, 695 (7th Cir. 1998).

Though Petitioner may have used the proper vehicle for seeking termination

of his continuing parole, he has failed to bring to the Court's attention any reason his continued parole may be unlawful. In Exhibit 2, Petitioner's Criminal Case Motion to Terminate Petitioner's Supervised Release Term, Petitioner outlines many ways in which his conduct since he was released in 2015 "personifies change, cooperation, and absolute compliance." (Doc. 1, p. 32). None of this information questions the legality of Petitioner's parole, however. The same is true for Exhibit 3, which merely outlines the conditions and duration of Petitioner's parole. (Doc. 1, p. 37). Without allegations indicating the parole duration or conditions are unlawful in some way, Petitioner does not appear to be entitled to habeas relief.

Because the Petition does not support the proposition that Petitioner's parole is unlawful, it will be dismissed without prejudice. The Court will allow Petitioner an opportunity to amend his Petition, however, so that he may attempt to cure this deficiency if he so desires.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** without prejudice for the reasons stated above.

**IT IS FURTHER ORDERED** that Petitioner is **GRANTED** leave to file an amended petition, in accordance with this Memorandum and Order, within **TWENTY-EIGHT DAYS** of the date of entry of this Order, on or before February 23, 2018.

**IT IS FURTHER ORDERED** that upon conclusion of the twenty-eight-day period, should Petitioner fail to file an amended petition, this case will be dismissed based on Petitioner's failure to comply with this Order, and pursuant to Rule 4 of the Rules Governing Section 2254 cases in United States District Courts.

**IT IS SO ORDERED.**

Judge Herndon
2018.01.26
16:32:00 -06'00'

**United States District Judge**

4