WILLIAM E. HAWKINS,        )
                       )
        Petitioner,       )
vs.                       )
                       )    Case No. 18-cv-102-DRH
UNITED STATES OF AMERICA,   )
                       )
        Respondent.     )

## ORDER

**HERNDON, District Judge:**

This matter is before the Court on petitioner's Motion for Appointment of Counsel (doc. 6) and Motion for Continuance (doc. 5).

In his Motion for Appointment of Counsel (doc. 6), petitioner says that he asked Ethan Skaggs, a United States Federal Public Defender, to file a motion supporting the proposition that petitioner's parole is unlawful. (Doc. 6, p. 1). Skaggs allegedly told petitioner that he would have to ask the Court to appoint him as counsel. *Id.* Petitioner also claims that he "does not have the proper skills, or systems, to research the case statutes and or case Laws to support the proposition that Petitioner's parole is unlawful." *Id.*

There is no constitutional right to counsel in habeas corpus cases. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Lavin v. Rednour*, 641 F.3d 830, 833 (7th Cir. 2011); *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007). 28 U.S.C. §2254(h) provides that the court *may* appoint counsel for an indigent habeas petitioner, and that the appointment of counsel in such a case is governed by 18 U.S.C. §3006A. Neither statute creates a right to counsel; rather, they give the court broad discretion to appoint counsel for a petitioner seeking habeas

relief.

Appointment of counsel for a habeas petitioner is governed by standards similar to those followed in other civil cases. *See Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983); *Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992). When presented with a request to appoint counsel in a civil case, the court must make the following inquiries: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010), citing *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Here, petitioner does not say what steps he has taken, if any, to obtain private counsel on his own. Instead, he claims he reached out to a single public defender about his case. Accordingly, it does not appear that petitioner made a reasonable attempt to obtain counsel, as required by *Santiago* and *Pruitt*. Further, despite petitioner's conclusory claims that he does not have the "skills" or "systems" to research his case, it appears that petitioner is competent to litigate this case himself at this time. His pleadings and motions are literate, and he accurately filled out the form for his original Petition. *See* (Docs. 1, 5-6). The Court is also unable to determine how difficult this case may be, as petitioner has thus far failed to state a cognizable claim under 28 U.S.C. § 2241 generally.

**IT IS HEREBY ORDERED** that, for the foregoing reasons, petitioner's Motion for Appointment of Counsel (Doc. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's Motion for Continuance (Doc. 5) is **GRANTED**. Petitioner's deadline for filing an amended petition is extended

**TWENTY-EIGHT DAYS** from the date of entry of this order. The amended petition must now be filed on or before March 23, 2018.

**IT IS FURTHER ORDERED** that, upon conclusion of the twenty-eight-day period, should petitioner fail to file an amended petition, this case will be dismissed based on petitioner's failure to comply with this Order, and pursuant to Rule 4 of the Rules Governing Section 2254 cases in United States District Courts.

**IT IS SO ORDERED.**

Judge Herndon
2018.02.23
12:38:54 -06'00'

**United States District Judge**