IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM E. HAWKINS,

       Petitioner,

vs.                                                                                                 Case No. 18–cv–102–DRH

UNITED STATES OF AMERICA,

       Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

      Petitioner William E. Hawkins filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 17, 2018. (Doc. 1). The petition was dismissed on January 26, 2018 (Doc. 4), and he filed an Amended Petition on March 9, 2018. (Doc. 8) In the amended petition, petitioner once again seeks early termination of his parole imposed in relation to Count 2 of his criminal case, *United States of America v. Hawkins*, No. 90-cr-30067-DRH (S.D. Ill. Jan. 9, 2018) ("Criminal Case"). (Doc. 4). As discussed in more detail below, the Court concludes that the Amended Petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

## Background

      In the Criminal Case, petitioner sought early termination of his supervised

1

release and parole in late 2017. Criminal Case, Docs. 638, 641, 647. Pursuant to 18 U.S.C. § 3583(e)(1), the Court granted petitioner's request to terminate his supervised release, finding that supervision could not offer him or the public anything further given his demonstrated rehabilitation. Criminal Case, Doc. 651. The Court denied petitioner's request for termination of his parole, imposed in association with Count 2[1] of his criminal case under 21 U.S.C. § 841(a)(1), however, noting that it did not have the authority to do so outside the context of a habeas corpus proceeding. *Id.* at pp. 1-2.

In response, petitioner filed this action on January 17, 2017. (Doc. 1). In his original petition, petitioner referred to: (1) his Motion for Early Termination of Supervised Release, filed October 19, 2017 in his Criminal Case, (2) his Pro Se Motion to Terminate Supervised Release Term, filed October 23, 2017 in his Criminal Case, (3) his Addendum Motion for Early Termination of Supervised Release Under Count 2, Old Law Sentence, filed December 15, 2017 in his Criminal Case, and (4) the Court's Memorandum and Order filed January 9, 2018 in his Criminal Case. (Doc. 1, pp. 6-7). These documents were attached to the original petition as Exhibits 1-4, respectively. *Id.*

The Court dismissed the original petition for failure to present grounds supporting petitioner's request for termination of his parole, aside from his statement that the "Court does not have the authority to terminate petitioner's

---

[1] This Count "was a pre-guidelines count," and the original sentencing date was August 31, 1992. Criminal Case, Doc. 638-2; (Doc. 1, p. 17).

2

parole without the consideration of a habeas corpus petition." (Doc. 4). The Court gave petitioner leave to file an amended petition, which he did. In it, petitioner argues that 18 U.S.C. § 3583(e)(1) grants the Court the authority to terminate his parole. (Doc. 8).

## Discussion

Rule 4 of the Rules Governing Section 2254 cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas cases.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Parole is a form of 'custody', so it is proper to use § 2241 to contest its continuation." *See Valona v. United States,* 138 F.3d 693, 695 (7th Cir. 1998). The Seventh Circuit has suggested that district courts do not have the authority to terminate terms of parole early outside the context of a habeas corpus proceeding, despite their ability pursuant to 18 U.S.C. § 3583(e)(1) to terminate a term of supervised release without one. *See Kendrick v. Hamblin*, 606 F. App'x 835, 838 (7th Cir. 2015).

In his amended petition, petitioner points to a district court that found, in a situation similar to his, that "[t]he weight of authority confirms that § 3583(e)(1)

3

authorizes termination of statutorily mandated term of supervised release resulting from a pre-2002 conviction under § 841(a)." (Doc. 8, p. 2) (citing *United States v. Harris*, 258 F. Supp. 3d 137, 143 (D.D.C. 2017) (citing *United States v. Spinelle*, 41 F.3d 1056, 1056-57, 1060-61 (6th Cir. 1994); *United States v. McClister*, No. 2:02-CR-87 TS, 2008 WL 153771, at *1-*2 (D. Utah Jan. 14, 2008); *United States v. Scott*, 362 F. Supp. 2d 982, 983-84 (N.D. Ill. 2005); *United States v. Vargas*, 564 F.3d 618, 622-23 n.3 (2d Cir. 2009); *United States v. Simmons*, No. 05 CR. 1049, 2010 WL 4922192, at *4 n.1 (S.D.N.Y. Dec. 1, 2010); U.S. SENTENCING COMMISSION, Federal Offenders Sentenced to Supervised Release 35 (July 2010))).

Because the reasoning in *Harris* may apply to petitioner's situation to enable him to seek termination of his parole based on his pre-2002 § 841(a) conviction, and *Kendrick* suggests that a habeas petition is the appropriate avenue for this challenge, the Court declines at this stage to find that petitioner is not entitled to habeas relief. Further briefing from the parties is necessary before the Court will make such a determination.

### **Proper Respondent**

When a petitioner is on parole, the proper respondent for a habeas action brought by him is the parole board, which has the authority to impose conditions on his release. *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963). In this case, petitioner is under the jurisdiction of the United States Parole Commission. (Doc. 1, p. 39). Thus, the United States of America will be dismissed as the

respondent in this action, and it will be replaced by the United States Parole Commission.

### Disposition

**IT IS HEREBY ORDERED** that **UNITED STATES OF AMERICA** is **DISMISSED** from this action. The **CLERK** is **DIRECTED** to **ADD** the **UNITED STATES PAROLE COMMISSION** as the Respondent in this action in CM-ECF.

**IT IS FURTHER ORDERED** that Respondent **UNITED STATES PAROLE COMMISSION** shall answer the Amended Petition or otherwise plead within thirty (30) days of the entry this order is entered (on or before May 14, 2018).[2] This preliminary order to respond does not, of course, preclude the government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

---

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.

5

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.04.11
19:51:00 -05'00'

**United States District Judge**