IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM E. HAWKINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No. 18-cv-102-RJD[1] |
| | ) |
| UNITED STATES PAROLE COMMISSION, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**MEMORANDUM and ORDER**

**DALY, Magistrate Judge:**

Petitioner William E. Hawkins filed an amended petition for writ of habeas corpus under

28 U.S.C. §2241 (Doc. 8) seeking early termination of his parole. Respondent filed a response at

Doc. 19 and an Addendum to his response at Doc. 24, and petitioner filed a reply at Doc. 21. This

matter is now ripe for resolution.

**Relevant Facts and Procedural History**

Petitioner was convicted in this District (Case No. 90-cr-30067-01-DRH) of several

offenses arising out of his participation in "a criminal enterprise based in Southern Illinois that had

two principal facets: the distribution of cocaine and marijuana, and the commission of interstate

burglary and robbery." *United States v. Hawkins*, 139 F.3d 902 (7th Cir. 1998) (direct appeal).

He was originally sentenced on August 31, 1992. See, Doc. 19, Ex. 1.[2] The judgment reflects

that petitioner was sentenced on four counts. At issue here is the sentence for Count 2, distribution

of cocaine. Notably, the Count 2 offense concluded March 27, 1987, while the offense conduct

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Docs. 14 & 23.

[2] The Court uses the document, exhibit, and page numbers assigned by the CM/ECF system.

giving rise to the other counts concluded in September 1990.  Petitioner was sentenced to 420 months (35 years) on Count 2.

For reasons that are not relevant here, petitioner was resentenced on some of the counts in June 2002.  Doc. 19, Ex. 2.  His sentence on Count 2 was not changed.  The judgment recited that "As to Count 2, the defendant is committed to the custody of the Attorney General . . .. for a period of 35 years, and the defendant shall become eligible for parole under 18 U.S.C. § 4205(a) upon serving one-third of such term."  Doc. 19, Ex. 2, p. 3.

In January 2018, U.S. District Judge Herndon granted Hawkins' petition for early termination of his supervised release as to Counts 1 and 4 in his criminal case but denied his request for early termination of his Count 2 parole in the absence of a habeas petition.  Case No. 90-cr-30067-DRH, Doc. 651.  Hawkins then filed this habeas petition.

## Grounds for Habeas Relief

Petitioner seeks early termination of his parole pursuant to 18 U.S.C. § 3583(e)(1).  He argues that he has been rehabilitated and is no longer in need of supervision.

## Analysis

Respondent argues, correctly, that the Court does not have authority to terminate his parole.  Section 3583(e)(1) permits the Court to terminate a term of supervised release.  That section does not apply to petitioner's parole.  Supervised release and parole are two different things.  Section 3583(e)(1) applies to supervised release but not to parole.

Section 3583 was enacted as part of the Sentencing Reform Act of 1984.  The effective date of the Act is November 1, 1987, and the Act, including § 3583(e)(1), applies only to offenses committed on or after that date.  *United States v. Stewart*, 865 F.2d 115 (7th Cir. 1988).  Petitioner committed the offense charged in Count 2 in March 1987.  Therefore, § 3583(e)(1) does not apply

2

and his parole cannot be terminated early under that section.

Hawkins' parole is governed by the so-called "old law," 18 U.S.C. §§ 420-4218. Pursuant to 18 U.S.C. § 4211 and 28 C.F.R. § 2.43, a parole term may be terminated early by the Parole Commission. This can be done either on the Commission's own motion, or on motion of the parolee. Crucially, though, the decision whether to terminate parole is within the discretion of the Commission, and that decision is not subject to judicial review. *Valona v. U.S. Parole Commission*, 235 F.3d 1046, 1048 (7th Cir. 2000).

In short, this Court is without the authority to grant petitioner the relief he seeks. This is unfortunate because Judge Herndon has determined that petitioner has been rehabilitated and is no longer in need of supervision. However, this Court is bound to follow Seventh Circuit precedent. Petitioner must seek relief from the Parole Commission.

<u>Conclusion</u>

For the foregoing reasons, William E. Hawkins' Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. §2241 (Doc. 8) is **DENIED**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**DATE: November 8, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

**<u>Notice</u>**

If petitioner wishes to appeal the denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).